No. 34,470

SCHOOL DISTRICT No. 51, IN LEAVENWORTH COUNTY, *Appellee,*
v. THE NORTH RIVER INSURANCE COMPANY OF NEW YORK,
*Appellant.*

(96 P. 2d 610)

Opin-
ion filed December 9, 1939.

*Lee Bond,* of Leavenworth, for the appellant.
*James B. Kelsey,* of Leavenworth, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a rural school district to re-
cover on a $1,000 fire insurance policy for the total loss of a school
building and its contents. The action, tried by the court, resulted
in judgment for plaintiff and the defendant insurance company ap-
peals.

The instant policy was issued November 29, 1935, for a three-year
term. The fire occurred October 19, 1936. The facts and issues
were covered by stipulation. Relative to issues the stipulation pro-
vides:

"The only questions involved in this case are whether or not at the time
the policy in question was taken out the building was occupied for school
purposes, or whether or not the school building and property insured under
said policy at the time of the fire was abandoned for school purposes for an
indefinite period without written permission from the defendant."

The trial court found:

"At the time the policy in question was taken out, the said school building and premises were occupied for school purposes. . . .

"At the time of said fire, the said school building and premises were not abandoned for school purposes for an indefinite period."

Appellant contends the stipulation fails to support either of the findings. The stipulation was quite lengthy, but the portions thereof determinative of this action were in substance as follows:

The building was not occupied by pupils on the date the policy issued nor on the date of the fire. No teacher had been employed for the school years 1929 to 1937, inclusive, and the children in the district, pursuant to action of the district, were authorized to attend other schools. Such action to close the school was taken by the district annually, but always for the definite period of only one year. From November 28, 1935, the date preceding the issuance of the policy, up to and including November 19, 1936, the date of the fire, the school building had in it all of the movable school furniture and fixtures which were covered by the policy. The furniture and fixtures consisted of school seats, desks, tables, maps, library, furnace and such furniture and fixtures as are used in the ordinary country school districts in Kansas. The building was occupied annually by people of the district who desired to attend its annual meetings. The building was occupied annually for the election of the school-district officers. In certain years, as for the school year 1936, provision was there made for the payment by the district of tuition of pupils to other schools and for the payment of a definite amount toward the transportation expenses of pupils attending other schools. Levies were there voted at each annual meeting to cover school expenses ranging annually between $50 and $1,000. The minutes of the May 29, 1936, meeting disclosed the following:

, "Motion to continue the resolution adopted by the taxpayers and voters of School District No. 51, Leavenworth county, Kansas, at the annual school meeting held at the school in said district at 2 o'clock p. m. on Friday, May 31, 1935, was agreed upon.

"That as in the judgment of the district board of said district, the county superintendent of public instruction of Leavenworth county, Kansas, concurring, the number of children in said district is insufficient to warrant the maintenance of a school in said district, School District 51, Leavenworth county, Kansas."

At the same meeting in 1936 provision was made by the district

to pay fifteen cents per day for transportation expenses for each pupil who attended school elsewhere. In both the 1935 and 1936 district meetings, as in other years, it was only voted to close the school for the coming year. In the minutes of the May 31, 1935, meeting appears the following:

"There was some discussion over amount to be levied for maintaining school the coming year. Mr. H. D. Harrod made motion to levy $1,000. This motion was seconded by Roy Horton, and carried."

In the 1934 meeting it was voted to leave the matter of repairs for the building and the cleaning of grounds to the members of the district board. In the 1936 meeting it was voted to have the necessary repairs made on the school building. At the various annual meetings held in the school building, a committee was appointed to audit the books of the school officers and to report its findings.

In addition to the foregoing stipulated facts there were other agreed facts which disclose this was not a depopulated district as defined in G. S. 1935, 72-804, nor a partially depopulated district under provisions of G. S. 1935, 72-806, and that the district had never been disorganized. Appellant contends the questions whether the district was depopulated or partially depopulated, or whether it had been disorganized are immaterial on the subject of the proper interpretation of the policy. While those particular facts may not aid in the interpretation of the policy itself, we think they are pertinent in determining, together with other facts, whether the school district intended to, or did, abandon the building for school purposes for an indefinite period.

Appellant's first principal contention is the building was not occupied for school purposes at the time the policy was issued and hence there could be no recovery on the policy, which provided for insurance on the building "only while occupied for school purposes, with privilege of occasional public meetings." That the building was actually occupied annually for at least some of the regular school purposes, is conceded by the stipulated facts. We therefore cannot say it was not occupied for school purposes at all. However, in view of another provision of the policy, continuous occupancy for school purposes was not necessarily required. The policy provision which expressly deals with the subject of "vacancy" is clearly open to the construction that such occupancy was not a prerequisite to the right of recovery. Under that provision liability existed un-

less the building was abandoned for school purposes for an indefinite period. It provides:

"This policy continues in full force and effect during vacations between school terms, and at such times as school is not actually in session, provided that, if this form is attached to a fire policy and the building is abandoned for school purposes *for an indefinite period* without written permission hereon, then this policy shall be void.

"Attached to and forming part of Policy No. 3433 of the North River of N. Y., issued at its Leavenworth, Kansas, Agency. Dated November 29, 1935." (Italics inserted.)

The building was at no time abandoned for all school purposes and it was at no time abandoned for an indefinite period as to any school purpose. It was agreed no written permission of defendant was endorsed on the policy to abandon school for an indefinite period. Since, however, school was not abandoned for an indefinite period, no permission of appellant was required.

The "vacancy" clause is the specific provision involved in the instant case. In the instant policy that clause expressly deals with the subject of occupancy. Under its terms the policy was valid unless the building was abandoned for school purposes for an indefinite period. We are not, however, disregarding the other clause heretofore quoted which provides for insurance on the building "only while occupied for school purposes with the privilege of occasional public meetings." The vacancy clause likewise prohibits abandonment of the building for school purposes, but it constitutes a conditional or qualified prohibition. Under it, as stated, the policy remains valid although the building is abandoned for school purposes, if not abandoned for an indefinite period. We think the provision in the vacancy clause is clear. On the other hand, if ambiguity, inconsistency or uncertainty results by reason of the two provisions, the doubt must be resolved in favor of the insured. (*Liberty Life Ins. Co. v. Guthrie,* 148 Kan. 907, 84 P. 2d 891, and cases cited.)

Appellant reasons that the repeated closing of the school for definite periods has in effect resulted in an abandonment of the building for school purposes for an indefinite period. The contention has received our careful consideration. The first difficulty with the contention, as heretofore intimated, is that the action taken by the district at each annual meeting did not result in the abandonment of the building for all school purposes. The second difficulty is, assuming we were able to overcome the first circumstance, we still would

be confronted with the definite fact that no single annual action of the district was prohibited under the provisions of the vacancy clause. In order to sustain appellant's contention we therefore would be obliged to hold that one authorized action by the district did not invalidate the policy, but that additional authorized actions did invalidate the policy. We do not think the policy is open to that interpretation. However, we need not speculate in the instant case, concerning the effect upon this policy of repeated closings of school. Only one such action was taken on the policy here involved between the date the policy was issued and the date of the fire, and that action was for a definite period. It is true no instruction to pupils had been offered during the year the policy was issued, but defendant did not plead nor does it contend the instant policy was obtained by misrepresentation or fraud.

In the case of *Graff v. Insurance Co.*, 107 Kan. 648, 193 Pac. 356, it was held:

"Applying the principle that 'contracts of insurance are to be construed, where construction is permissible, most strongly against the insurer and in favor of the insured' (*Insurance Co. v. Milling Co.*, 69 Kan. 114, 76 Pac. 423), to the words 'only while occupied as a dwelling house,' contained in a fire insurance policy, it is held that liability under the policy attaches to a building described therein that is used as a dwelling house although the building is also used 'as an ice-cream parlor in a meager way.'" (Syl. ¶ 2.)

The rule of strict construction, which is the only point on which the decision in the Graff case is here cited, is made particularly applicable in the instant case by reason of the vacancy clause in the policy before us. By reason of the express provision in that clause, which prohibits only abandonment of the building for school purposes for an indefinite period, we need not further consider the general question whether the building had been abandoned for school purposes during the definite period.

We have noted appellant's citation of authorities on the general subject of "occupancy" and "vacancy" provisions, in various policies, but they are not determinative of the issue here presented under the particular vacancy clause contained in the instant policy.

The judgment is affirmed.